O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARY A. BUTTS, | ) | Case No. CV 10-7294 RNB |
| Plaintiff, | ) | |
| vs. | ) | ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

1. <u>The Court is unable to affirm the adverse credibility determination by the Administrative Law Judge ("ALJ").</u>

The second disputed issue is directed to the ALJ's evaluation of plaintiff's

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

subjective symptom testimony with respect to the mental impairments that the ALJ had found qualified as "severe" impairments (i.e., depression, borderline personality disorder, and panic disorder with agoraphobia, see AR 21).

The law is well established in the Ninth Circuit that, where the claimant has produced objective medical evidence of an impairment or impairments that could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See, e.g., Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).

Here, after summarizing plaintiff's testimony regarding her physical and mental limitations, the ALJ expressly found as follows: "After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (See AR 23-24.) Since the ALJ did not find that the record here contained any affirmative evidence of malingering and the Commissioner has not argued that the record here contains affirmative evidence of malingering, the issue before the Court is whether the ALJ provided reasons for his adverse credibility determination that satisfy the "clear and convincing" standard set forth above.[2]

---

[2] To the extent that the Commissioner has proffered a reason for not crediting plaintiff's subjective symptom testimony that was not recited by the ALJ (i.e., that "none of her mental health physicians did more than prescribe medications and therapy," see Jt Stip at 26), the Court is unable to consider that reason. See (continued...)

It appears from the decision that the ALJ based his discrediting of plaintiff's statements that she had concentration problems, including attention span difficulties, as well as difficulty working around supervisors and co-workers on (1) how plaintiff presented to her treating physicians at mental status examinations in April and September 2009 (see AR 336, 350); (2) the fact that plaintiff answered questions and responded to instructions when she was examined by the consultative examiner, and later successfully responded to questions at the administrative hearing; and (3) plaintiff's testimony that she watched television. (See AR 24.)

As to the first reason, the Court finds that the treating physicians' notes of how plaintiff presented at the two mental status examinations does not constitute a clear and convincing reason for rejecting plaintiff's statements that she had concentration problems, including attention span difficulties, as well as difficulty working around supervisors and co-workers, because there is no indication on the face of those treatment notes that plaintiff's treating physicians were evaluating any of those mental functions.

In addition, the Court finds that, for the reasons stated by plaintiff (see Jt Stip at 21), the second reason also does not constitute a clear and convincing reason for rejecting plaintiff's statements that she had concentration problems, including attention span difficulties, as well as difficulty working around supervisors and co-workers.

Finally, the Court finds that the third reason (i.e., plaintiff's testimony that she watches television) also does not constitute a clear and convincing reason for

---

²(...continued)
Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency."). Moreover, even if the ALJ had cited this reason, the Court would not have found that it met the "clear and convincing" standard for the reason noted by plaintiff. (See Jt Stip at 28.)

rejecting plaintiff's statements that she had concentration problems, including attention span difficulties, as well as difficulty working around supervisors and co-workers. One does not need to be 'utterly incapacitated' in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001): see also, e.g., Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). The Ninth Circuit also has held that daily activities may not be relied upon to support an adverse credibility determination unless the ALJ makes an explicit finding to the effect that plaintiff's ability to perform those activities translated into the ability to perform appropriate work activities on an ongoing and daily basis. See Gonzalez v. Sullivan, 914 F.3d 1197, 1201 (9th Cir. 1990). Here, the ALJ made no such explicit finding with respect to plaintiff's ability to watch television.

It further appears from the decision that the ALJ based his adverse credibility determination on plaintiff's 2006 trip to Texas (which the ALJ found was "not consistent with the physical and mental limitations alleged by the claimant"), treatment notes from February 2009 reflecting her unwillingness to follow a treatment plan involving her returning to her usual activities, and evidence in the record that she "has not always been consistent in attending scheduled doctor's appointments." (See AR 24.)

As to whether the Texas trip was inconsistent with plaintiff's mental limitations, the Court has considered the additional information about the Texas trip that plaintiff provided to the Appeals Council. See Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993); accord Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992);

4

see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).[3] The Court also has considered the medical evidence relating to that time period cited by plaintiff in the Joint Stipulation. (See Jt Stip at 6.) Based on its review of this evidence, the Court is unable to find that the 2006 Texas trip constitutes a clear and convincing reason for not crediting plaintiff's subjective symptom testimony. Put another way, the Court fails to see how plaintiff's activities in connection with the Texas trip translate into the ability to perform appropriate work activities on an ongoing and daily basis.

The Court also finds that plaintiff's unwillingness to follow a treatment plan and failure to attend doctor's appointments could have been symptomatic of the severity of her mental impairments, and therefore does not constitute a clear and convincing reason for not crediting her subjective symptom testimony. See, e.g., Buckard v. Astrue, 2010 WL 5789044, *16 (D. Or. Dec. 7, 2010) (holding that the claimant's non-compliance with her depression medications did not constitute a legitimate basis for discrediting her testimony); Clark v. Astrue, 2010 WL 457357, *5 (E.D. Wash. Feb. 5, 2010) ("[I]t was not appropriate for the ALJ to consider plaintiff's limited mental health treatment as evidence of a lack of a credibility since the failure to follow through with mental health treatment may itself be a symptom of significant mental health problems.").

A final consideration for the Court is that Ms. Brown's hearing testimony (see AR 55-71) was entirely consistent with plaintiff's subjective symptom testimony and inconsistent with the ALJ's ultimate determination that plaintiff was capable of

---

[3] In the Court's view, the ALJ could have obtained this additional information himself if he had fulfilled his special duty in social security cases "to fully and fairly develop the record and to assure the claimant's interests are considered." See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). "This duty exists even when the claimant is represented by counsel." Id. The Ninth Circuit has observed that, "[i]n cases of mental impairments, this duty is especially important." DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

5

engaging in sustained work-related mental activities on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week.). Yet nowhere in the ALJ's decision did he provide specific reasons germane to Ms. Brown's testimony, as required by Ninth Circuit jurisprudence. See, e.g., Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Smolen, 80 F.3d at 1288-89; Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). Moreover, the Court is unable to find that the ALJ's error in this regard was harmless because this is not an instance in which the Court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony [of Ms. Brown], could have reached a different disability determination." See Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006).

   2. The Court is unable to affirm the ALJ's failure to credit Dr. Heard's opinions.

The first disputed issue is directed to the ALJ's evaluation of the opinions of plaintiff's treating physician, Dr. Heard, as reflected on the form that Dr. Heard completed on October 30, 2009. (See AR 378-83.)

It is well established in this Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where the treating physician's opinion is

6

controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

In crediting the opinions of the State Agency review physicians (see AR 300-02, 303-13, 343-44) over the opinions of plaintiff's treating physician, Dr. Heard (see AR 378-83), the ALJ stated that he was giving "little weight" to Dr. Heard's opinion that plaintiff was not able to work for at least one year or indefinitely because "this is an opinion on the claimant's disability status, which is an issue reserved to the Social Security Administration." (See AR 25.) However, even if Dr. Heard's opinion did constitute an opinion on the ultimate issue of disability, it still would not relieve the ALJ of the obligation to state specific and legitimate reasons for rejecting that opinion. See, e.g., Reddick, 157 F.3d at 725 ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Lester, 81 F.3d at 830; Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993); Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "The Commissioner is required to give weight not only to the treating physician's clinical findings and interpretation of test results, but also to his subjective judgments." Lester, 81 F.3d at 832-33.

The ALJ purported to provide the following three reasons for not crediting Dr. Heard's opinion that plaintiff could only concentrate for short periods, and would have difficulty sustaining focused attention, following written and oral instructions, adapting to stresses in the work environment, maintaining attendance or schedules, participating in decision making, and interacting with co-workers or supervisors

appropriately (see AR 25)[4]:

    1.    "[T]he opinion is not supported by the objective medical evidence."

    2.    "Dr. Heard appears to have relied solely on the claimant's own reports, while forming her opinion."

    3.    "Dr. Heard's opinion as a whole is not consistent with the longitudinal evidence."

However, the first and third reasons constitute the same kind of non-specific boilerplate language rejected by the Ninth Circuit as insufficient in Embrey, 849 F.2d at 421-22. There, the Ninth Circuit observed, "To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." Id. at 421.

As for the second reason provided by the ALJ, the Court is mindful of Ninth Circuit authority holding that a treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted. See Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999); see also Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). Here, however, the Court has found that the ALJ did not make a proper adverse credibility determination.

---

[4] To the extent that the Commissioner has proffered a reason for not crediting Dr. Heard's opinions that was not recited by the ALJ (i.e., that Dr. Heard had only seen plaintiff once during the relevant period and therefore did not have as much knowledge of her during the relevant period, see Jt Stip at 16), the Court is unable to consider that reason under the authorities cited above.

**CONCLUSION AND ORDER**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Weighing in favor of a remand for further administrative proceedings here is the fact that this is not an instance where no useful purpose would be served by further administrative proceedings. Rather, additional administrative proceedings (including possibly a consultative mental examination) conceivably could remedy the defects in the ALJ's decision.

The Court is mindful of Ninth Circuit case authority holding that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S.

1038 (2000)[5]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988).  Under the foregoing case authority, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony.  This rule applies not only to a claimant's improperly discredited excess pain and other subjective symptom testimony, but also to lay witnesses' improperly discredited testimony, and to improperly discredited opinions of a treating or examining physician.  However, in Connett, 340 F.3d at 876, the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit.  There, the Ninth Circuit remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true.  See id.

Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here.  Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[6]

DATED: June 8, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[5] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

[6] It is not the Court's intent to limit the scope of the remand.

10